UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SIDNEY D. YOUNG,

                           Plaintiff,

     -against-                               **MEMORANDUM & ORDER**
                                                         00 CV 3921 (RJD) (JMA)

THE UNITED STATES INTERNAL REVENUE
SERVICE, DEPARTMENT OF THE TREASURY

                           Defendant.
----------------------------------------------------------------x
DEARIE, District Judge.

       Plaintiff filed this action pursuant to 28 U.S.C. Section 1346(a)(1) against defendant the Internal Revenue Service. Plaintiff alleges that the IRS improperly effected a $214,536.08 levy upon plaintiff and he seeks a tax refund. Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that (1) plaintiff has no standing to bring a refund suit because the IRS assessed tax liabilities against Castle Creek, not plaintiff; (2) even if plaintiff has standing, plaintiff is jointly and severally liable for Castle Creek's tax liabilities; and (3) plaintiff failed to bring a timely wrongful levy action under 26 U.S.C. Section 7426. Plaintiff argues in opposition (1) that he was not subject to levy for the partnership's unpaid taxes; (2) that he did not have notice that the IRS would levy his personal assets; and (3) that defendant has waived its limitations defense to 26 U.S.C. Section 7426. In plaintiff's supplemental brief submitted following oral argument, plaintiff also argues that defendant failed to follow codified procedures for affording plaintiff due process when levying against his Individual Retirement Account ("IRA"). Defendant argues that its collection actions are

1

irrelevant to the present motion. For the reasons stated at oral argument and below, the Court grants defendant's motion for summary judgment.

I. **Background**

In 1990 plaintiff acquired a partnership interest in Castle Creek Inn & Resort, located near San Diego, California. On or about August 1996, the IRS made notice and demand to Castle Creek for payment of the outstanding federal taxes. Multiple assessments were made against Castle Creek for unpaid federal employment taxes, unpaid federal income taxes, and unpaid federal unemployment taxes. Schissler Decl. at 1-2.

While still owing federal taxes, the partnership dissolved in December 1996 when the Castle Creek assets were sold to Gopher Canyon Lodge. On or around January 13, 1997, plaintiff received the IRS' Final Notice, Notice of Intent to Levy, mailed to Castle Creek in care of plaintiff at his Floral Park, New York address. In May 1997, the IRS served a Notice of Levy on Smith Barney to collect the outstanding taxes from plaintiff's Smith Barney accounts including his personal IRA account. Def. Statement at ¶ 6. The unpaid balance was $214,536.08. Id. at ¶ 7. According to plaintiff, he had his representative contact the revenue officer listed on the Notice of Levy to request an opportunity to make payment other than by levy on his IRA, but the revenue officer denied his request. Pl. Mem. at 4. On June 18, 1997, plaintiff filed a collection appeals request offering to pay Castle Creek's tax liabilities in installments. Def. Statement at ¶ 8, Pl. Mem. at 4, Complaint Ex. D. Plaintiff also contends that in his request he explained that the Notice did not state that the IRS would levy plaintiff's personal assets and requested that defendant seek payment from Castle Creek's property and assets. Pl. Mem. at 4. On June 30, 1997 the IRS notified plaintiff that it had reviewed his

request and sustained the levy action. Def. Statement at ¶ 9. In accordance with the levy, on July 2, 1997 Smith Barney paid the IRS $214,536.08 from plaintiff's personal accounts. Id. at ¶ 10. Plaintiff filed claims for a tax refund. When the IRS denied plaintiff's refund claims on April 14, 1999, plaintiff brought this action.

## II. Discussion

### A. Joint and Several Liability

The Court need not decide whether plaintiff has standing because regardless of whether he has standing, plaintiff does not make a valid claim. Under both New York and California law, as a general partner of Castle Creek, plaintiff is jointly and severally liable for Castle Creek's liabilities. Therefore, the payment from his IRA account was not an overpayment of taxes. See Stern v. Low, 27 A.D.2d 756 (N.Y. App. Div. 1967); see N.Y. P'ship Law §§ 24, 26 (McKinney 2005); see United States v. West Prods., Ltd., 168 F.Supp.2d 84 (S.D.N.Y. 2001) (finding defendant liable for assessments against partnership in her capacity as partner under New York Partnership Law Sections 24 and 26, and holding that the IRS could choose between imposing penalty for unpaid taxes upon responsible party or collecting partnership's unpaid taxes from partner or partners). See also Cal. Corp. Code § 16306(a) (West 2005) ("[P]artners are liable jointly and severally for all obligations of the partnership . . . ."). See In re Crockett, 150 F.Supp. 352, 354 (D.C.Cal. 1957) (stating that under California law an individual partner is liable to the United States for the taxes of a partnership).[1] Plaintiff is liable for Castle Creek's tax

---

[1] Defendant states that it does not know if Castle Creek was a New York or California partnership. Def. Mem. at 2. Plaintiff asserts that Castle Creek was a California partnership. Pl. Mem. at 2. The issue need not be resolved because under both New York and California law, as a general partner of Castle Creek plaintiff is jointly and severally liable for Castle Creek's unpaid taxes.

3

assessment. The levy on his personal accounts satisfied the debt owed by the partnership for which plaintiff was personally liable.

Plaintiff's argument that defendant is *authorized* to agree to an installment agreement instead of a levy (Pl. Supp. Mem. at 2-3) is irrelevant to defendant's grounds for summary judgment. Plaintiff was jointly and severally liable for Castle Creek's taxes and defendant could thus collect the taxes owed by Castle Creek by levying plaintiff's personal accounts. Plaintiff's reliance on 26 U.S.C. Section 6159 is misplaced. The Secretary is authorized but not required to enter into agreements with taxpayers.

### B. Notice

Plaintiff complains that he did not have notice that the IRS was going to levy his personal assets. In January 1997 the Final Notice of the IRS' Intent to Levy was mailed to plaintiff's address and addressed to Castle Creek Inn & Resort, in care of the plaintiff. The Notice referenced Castle Creek's federal tax identification number but did not list plaintiff's social security number. Since the Notice did not explicitly state that the IRS may issue a levy on plaintiff specifically, plaintiff contends that he did not have fair notice.

By his own admission, plaintiff received notice in May 1997 of the IRS' intent to levy his personal Smith Barney funds. Complaint Ex. C, Pl. Mem. at 4 ("[u]pon learning of IRS' levy of the Smith Barney Retirement accounts" plaintiff had his representative contact an IRS revenue officer, indicating plaintiff had knowledge of the levy). At that time he had the opportunity to commence a wrongful levy action and failed to do so.

Plaintiff also argues that he did not have the required notice under 26 U.S.C. Section 6331(d), swearing in his affidavit that despite the Final Notice of Intent to Levy's assertion that

4

Publication 594 was enclosed, no instruction or notice or publication was included in the Final Notice of Intent to Levy he received in January 1997.[2] Pl. Supp. Mem. Ex. C at ¶ 2. However, the Court notes that upon receipt of the Notice of Levy against plaintiff's IRA funds in May 1997, plaintiff acted immediately. He tried to arrange an installment plan with the IRS and when this plan was rejected, he filed a collection appeal request, which was denied. Plaintiff cannot seriously argue that he did not have notice of the administrative appeals and the alternatives to levy since he availed himself of these procedures, albeit unsuccessfully.

### C. **Wrongful Levy**

Defendant contends that plaintiff cannot bring a refund suit but could have brought a wrongful levy action under Section 7426 of the Internal Revenue Code. 26 U.S.C. § 7426(a)(1). However, plaintiff's wrongful levy action is time barred under 26 U.S.C. Section 6532(c)(1) and (2).

Plaintiff does not dispute that the time for bringing a wrongful levy action has expired but rather asserts that defendant has waived the limitations defense by failing to assert it in its Answer. Pl. Mem. at 20. However, since this case was brought pursuant to 28 U.S.C. Section 1346(a)(1), which applies to tax refund suits, and not brought under 28 U.S.C. Section 1346(e), which applies to Section 7426 wrongful levy actions, defendant was not required to raise the limitations defense as an affirmative defense in its Answer. A suit for wrongful levy is thus time barred.

---

[2]Plaintiff contends that even if Publication 594 were included it would be insufficient because it did not explain the appeal rights as required under 26 U.S.C. Section 6331. Pl. Supp. Mem. at 2. The Court believes that Publication 594 does adequately provide notice of the option of administrative appeals procedures, of which plaintiff availed himself, in compliance with 26 U.S.C. Section 6331. See IRS Publication 594 at 9.

## III. Conclusion

For the reasons stated above and at oral argument, defendant's motion for summary judgment is granted. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 12, 2005

                                                RAYMOND J. DEARIE
                                                United States District Judge